**SO ORDERED.**

**SIGNED January 31, 2012.**



————————————————————
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
                UNITED STATES BANKRUPTCY COURT
                  WESTERN DISTRICT OF LOUISIANA

IN RE:

AMERICAN INTERNATIONAL REFINERY              CASE NO. 04-21331
AMERICAN INTERNATIONAL PETROLEUM             CASE NO. 04-21332

    Debtors                                  Chapter 11
------------------------------------------------------------------
JASON SEARCY, TRUSTEE, ET AL

    Plaintiffs

VERSUS                                       ADV. NO. 06-2018

JAMES KNIGHT, ET AL

    Defendants
------------------------------------------------------------------
                        MEMORANDUM RULING
------------------------------------------------------------------
```

Before the court is a Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure filed by defendants George Faris, William

Smart, Donald Rynne, Daniel Kim, and John Kelley (the "Motion to Dismiss"). Defendant JSC BTA Bank joined in the Motion to Dismiss. Plaintiff Jason Searcy commenced this adversary proceeding as the trustee of the American International Petroleum Corporation ("AIPC") Liquidating Trust. The Trustee asserts a range of avoidance and non-bankruptcy claims against an array of defendants, including former officers and directors of AIPC. The moving defendants contend that the court lacks subject matter jurisdiction over this adversary proceeding based on the Supreme Court's recent decision in Stern v. Marshall, ___ U.S. ___, 131 S.Ct. 2594 (2011). As explained further below, the court DENIES the Motion to Dismiss.

Bankruptcy jurisdiction "is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995); In re Wilborn, 609 F.3d 748 (5th Cir. 2010). Federal district courts "have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). There are thus three types of bankruptcy jurisdiction: "arising under," "arising in," and "related to" jurisdiction. See Stern v. Marshall, ___ U.S. ___, 131 S.Ct. 2594 (2011). "Arising under" jurisdiction encompasses claims created by Title 11, such as an avoidance claim under 11 U.S.C. § 544(b). See, e.g., Carlton v. BAWW, Inc., 751 F.2d 781 (5th Cir. 1985). "Arising in" jurisdiction pertains to

Page 2

matters that could only arise in a case under Title 11. <u>Wilborn</u>, 609 F.3d at 752. "Related to" jurisdiction exists when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." <u>In re Wood</u>, 825 F.2d 90, 93 (5th Cir. 1987) (quoting <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984)). 28 U.S.C. Section 157(a) permits a district court to refer "any and all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges within the district.

The claims asserted in this adversary proceeding fall within the jurisdictional grant of section 1334(b). The Trustee asserts fraudulent transfer and avoidance claims under 11 U.S.C. §§ 547, 548, 549, and 550. These claims are created by the Bankruptcy Code, and thus fall within the court's "arising under" jurisdiction. The remaining claims are state common law claims that do not fall within the court's "arising under" or "arising in" jurisdiction under section 1334(b). Nevertheless, the court is satisfied that the outcome of this proceeding "could conceivably have [an] effect on the estate being administered in bankruptcy," and thus falls within the court's "related to" jurisdiction under section 1334(b). <u>See</u> <u>In re Avado Brands, Inc.</u>, 358 B.R. 868 (Bankr. N.D. Tex. 2006) (court had subject matter jurisdiction over claims asserted by a post-confirmation liquidating trust against the

Page 3

debtor's former officers and directors).

The moving defendants, nevertheless, argue that <u>Stern v. Marshall</u> deprives the court of subject matter jurisdiction and requires dismissal under Rules 12(b)(1) and 7012. <u>Stern</u> addresses the constitutionality of 28 U.S.C. § 157(b)(2)(C). Section 157(b)(2)(C) provides that counterclaims to proofs of claim are "core" matters in which a bankruptcy court may enter final orders and judgments.[1] The "core" versus "non-core" distinction arose after the Supreme Court's decision in <u>Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982), which held that the broad grant of jurisdiction to bankruptcy judges under the Bankruptcy Reform Act of 1978 was unconstitutional. Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine all "core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." The Bankruptcy Code does not define "core proceeding," but section 157(b)(2) provides a non-exclusive list of proceedings that are deemed "core," including counterclaims to proofs of claim. A bankruptcy court cannot, however, enter

---

[1] Section 157(b)(2)(C) provides: "core proceedings include ... counterclaims by the estate against persons filing claims against the estate ...."

final orders or judgments on non-core "related to" matters without the consent of the parties. 28 U.S.C. § 157(c)(2).[2]  In Stern, the Court held that section 157(b)(2)(C) was unconstitutional to the extent that it authorizes non-Article III bankruptcy judges to enter final orders and judgments on common law counterclaims to proofs of claim.

    Was the Supreme Court's decision in Stern a decision about the scope of subject matter jurisdiction under section 1334(b)?  The majority of cases addressing this issue have squarely held that Stern does not address subject matter jurisdiction under section 1334 and, accordingly, is not grounds for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). See, e.g., In Re Fairchild Corp., 452 B.R. 525 (Bankr. D. Del. 2011); In re Olde Prairie Block Owner, LLC, __ B.R. __, 2011 WL 3792406 (Bankr. N.D. Ill. Aug. 25, 2011) (Stern addresses the allocation of authority between bankruptcy courts and Article III courts, and "[t]hat allocation does not implicate questions of subject matter jurisdiction." ); In re Citron, 2011 WL 4711942 (Bankr. E.D.N.Y. October 6, 2011) ( "Stern does not deprive a bankruptcy court of

---

[2] Section 157(c)(2) provides that "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title."

subject matter jurisdiction." ); In re Carroll, 2011 WL 6292880 at *7 (Bankr. N.D. Tex. Dec. 13, 2011) ("Stern does not implicate the grant of subject matter jurisdiction ....") According to these decisions, Stern merely addresses the allocation of authority to enter final judgments and orders between district judges and bankruptcy judges:

> The issue in [Stern] was when, under the United States Constitution, the bankruptcy court could enter a final judgment as opposed to proposed findings of fact and conclusions of law in a case where subject matter jurisdiction existed under 28 U.S.C. § 1334(a). As such, [Stern] is not a case about subject matter jurisdiction. ***Rather it addresses the power of the bankruptcy court to enter final orders, assuming that subject matter jurisdiction exists.*** This case is about whether subject matter jurisdiction exists. Thus, this court's power to enter a final order is not implicated.

In Re Fairchild Corp., 452 B.R. at 530 n. 14 (internal citations omitted)(emphasis added). Accordingly, a "Stern-type" counterclaim may fall within the district court's subject matter jurisdiction under section 1334 even though the bankruptcy court may be precluded from entering final orders and judgments in the matter.

    The court agrees with the reasoning of the cases holding that Stern does not support the dismissal of a "related to" matter pending before a bankruptcy court. The flaw in the moving defendants' jurisdictional argument is that it confounds subject matter jurisdiction under section 1334 with the procedural scheme

Page 6

under section 157 for handling core and non-core "related to" proceedings. Even assuming, *arguendo*, that Stern precludes the bankruptcy court from entering final orders or judgments with respect to the Trustees' claims, the district court still has jurisdiction over these claims under section 1334. This proceeding would, however, be subject to the procedure for litigating non-core "related to" matters under section 157. Section 157(c)(1) provides that a bankruptcy judge "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," and that "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." While Stern did conclude that one aspect of section 157 violates Article III – section 157(b)(2)(C) – it did not invalidate the procedure for dealing with non-core "related to" matters.[3] In sum, the Stern

---

[3] The court notes that at least one court has held that a bankruptcy court cannot hear a "Stern-type" counterclaim even under the procedure of section 157(c). See In re Blixseth, 2011 WL 3274042 (Bankr. D. Mont. Aug 1, 2011). However, a strong majority of courts have rejected Blixseth. See, e.g., In re Heller Ehrman LLP, 2011 WL 6179149 at *6-7 (Bankr. N.D. Cal. Dec. 13, 2011) (disagreeing with In re Blixseth because the procedure is not prohibited by § 157(a)); In re El-Atari, 2011 WL 5828013

Page 7

arguments raised by the moving defendants do not support dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).

For the foregoing reasons, the Motion to Dismiss is **DENIED** in its entirety. Counsel for the moving defendants shall file an order in conformity with this Memorandum Ruling within 14 days.

**IT IS SO ORDERED.**

###

---

at *4 (E.D. Va. Nov. 18, 2011) (same); In re Universal Marketing, Inc., 459 B.R. 573, 577–580 (Bankr. E.D. Pa. 2011)(disagreeing with In re Blixseth); In re Emerald Casino, Inc., 459 B.R. 298, 300 n. 1 (Bankr. N.D. Ill. 2011) ("[Blixseth], however, ignores the remedy flowing from Stern's holding that the statute unconstitutionally allows judgments to be entered by a non-Article III court. As noted in the text above, Stern states that the remedy for this constitutional violation is to remove counterclaims covered by the decision from core jurisdiction. With this remedy, the counterclaim is no longer covered by the statutory definition of 'core.'") The court agrees with the cases that reject Blixseth's reading of Stern and section 157. To the extent that a matter falls within Stern's holding, the bankruptcy court may still hear the matter as a non-core matter subject to section 157(c).